IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MICHELE TOWNSEND, on behalf of herself and other similarly situated, | § § § § § § § § § § § | CIVIL ACTION NO. 5:17-cv-00552 |
| *Plaintiffs*, | | |
| | | JURY TRIAL DEMANDED |
| v. | | |
| CENTRAL PONY EXPRESS, INC., *Defendant*. | | COLLECTIVE ACTION |

## COLLECTIVE ACTION COMPLAINT

### I.   SUMMARY

1. CENTRAL PONY EXPRESS, INC. (hereinafter "CPE"), a commercial and industrial equipment supplier located in New Braunfels, Texas, is violating the Fair Labor Standards Act ("FLSA") by forcing its employees to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that CPE is legally obligated to pay.

2. Plaintiff Michele Townsend worked for CPE as a Dispatcher at its New Braunfels, Texas location and was damaged by this illegal policy or practice. Plaintiff was denied the compensation she is due under the FLSA. Plaintiff brings this lawsuit on behalf of herself and all other similarly situated current or former Dispatchers to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to her individually and on behalf of other similarly situated individuals.

1

## II. JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Western District of Texas. 28 U.S.C. § 1391(b)(2).

## III. THE PARTIES

5. Plaintiff Townsend worked as a Dispatcher for CPE at its New Braunfels, Texas location. She regularly worked in excess of 40 hours per week without receiving all the compensation she was due under the FLSA. Plaintiff Townsend's consent is attached as Exhibit A.

6. The class of similarly situated employees consists of all current and former Dispatchers, who were employed by CPE during the three-year period preceding the filing of this Complaint. These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant Central Pony Express, Inc. is a Domestic For Profit Corporation with a principal place of business at 282 Deborah Dr., New Braunfels, Texas 78130 that is engaged in commerce in the United States and is otherwise subject to the FLSA. CPE employs Plaintiff within the meaning of the FLSA. CPE may be served with process by serving its Registered Agent, Thomas Atwell at 4975 IH-35 South, New Braunfels, Texas 78132.

## IV. BACKGROUND

8. CPE is a commercial and industrial equipment supplier, specializing in heavy-haul logistics and transportation of construction, mining, agricultural, and/or oil field equipment. Upon information and belief, CPE employs other Dispatchers similarly situated to Plaintiff to dispatch its trucks out to various terminals and locations.

9. CPE's Dispatchers regularly take orders from its customers, dispatch trucks transporting equipment, as well as track and verify the dispatched trucks. Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per work week. However, CPE did not pay its Dispatchers one and one-half times their regular rate for all hours in excess of 40 each week. Instead, CPE paid its non-exempt Dispatchers a flat-rate or weekly salary, even though they were required to work approximately 65 hours or more per week. As a result, CPE fails to properly compensate its employees under the FLSA.

## V. PLAINTIFF'S INDIVIDUAL ALLEGATIONS

### A. *CPE Failed to Properly Pay Regular and Overtime Compensation.*

10. Plaintiff worked for CPE as a Dispatcher, where she took orders from customers, dispatched trucks, and tracked the dispatched trucks. During her employment, Plaintiff usually worked five consecutive days, Monday through Friday each workweek. In a workweek, Plaintiff often worked approximately 65 or more hours.

11. Plaintiff was a full-time, non-exempt Dispatcher for CPE. However, CPE paid the non-exempt Plaintiff a flat-rate or weekly salary of $1,000 per week, regardless of the number of hours suffered or permitted to work.

12. The FLSA requires CPE to pay hourly compensation for each hour an employee is suffered or permitted to work, and to pay overtime compensation at one and a half times Plaintiff's regular rate of pay for each hour Plaintiff works in excess of 40 hours in a week. CPE should have paid Plaintiff a regular hourly rate and at least 25 hours or more of overtime in a typical workweek, but CPE failed to pay the Plaintiff that amount. Upon information and belief, CPE pays all its Dispatchers pursuant to the same illegal practice and/or policy.

13. By failing to pay Plaintiff as described above, CPE has deprived Plaintiff of a significant amount of regular and overtime compensation to which she is rightfully entitled.

### B. *CPE Willfully Violated the FLSA.*

14. The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiff. CPE failed to follow these rules when paying Plaintiff.

15. CPE had a policy and/or practice of not paying its employees for all of the regular time and overtime they worked each week at the proper rate. CPE should have paid its employees their regular rate for all hours worked, and it should have paid its employees overtime compensation at one and one-half their regular rates for all hours worked in excess of 40 per workweek.

16. CPE knows or has shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

4

## VI. COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff is aware that CPE's illegal policies or practices have been imposed upon Members of the Class. Like Plaintiff, the Members of the Class are employed by CPE as Dispatchers to assist with the transportation of supplies and equipment. The Members of the Class perform job duties similar to Plaintiff, as described above.

18. As with Plaintiff, Members of the Class frequently worked approximately five consecutive days per workweek. Thus, the Members of the Class often worked approximately 65 hours per week or more.

19. As with Plaintiff, Members of the Class are paid a flat-rate or weekly salary. Upon information and belief, the Members of the Class are also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiff.

20. CPE's failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice at CPE to pay its employees for less than all of the regular and overtime hours a Dispatcher is suffered or permitted to work. As such, the Members of the Class are owed additional regular time and overtime compensation for precisely the same reasons as Plaintiff.

21. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former Dispatchers, who were employed by CPE during the three-year period preceding the filing of this complaint.**

22. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

23. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VII. CAUSES OF ACTION

24. The preceding paragraphs are incorporated by reference.

25. As set forth above, CPE violated the FLSA with respect to Plaintiff and Members of the Class by failing to pay at least minimum wage for all hours suffered or permitted to work in a week and by failing to provide proper overtime pay for all hours worked in excess of 40 hours in a week. 29 U.S.C. §§ 206, 207.

26. Plaintiff and Members of the Class are entitled to recover at least a minimum wage for all hours worked as well as overtime compensation, at one and one-half times their regular rate of pay, for all hours worked in excess of 40 hours in a week.

27. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

28. Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs. 29 U.S.C. § 216 (b).

## VIII. JURY DEMAND

29. Plaintiff demands a jury trial. Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiff requests that this Court award her and Members of the Class judgment against CENTRAL PONY EXPRESS, INC. for:

1. damages for the full amount of their unpaid wages;

2. damages for the full amount of their unpaid overtime compensation;

3. an amount equal to their unpaid wages and unpaid overtime compensation as liquidated damages;

4. reasonable attorneys' fees, costs and expenses of this action;

5. pre-judgment and post-judgment interest at the highest rate allowed by law; and

6. such other and further relief as may be allowed by law.

DATED this 20th day of June, 2017.                    Respectfully submitted,

                                                                   BAILEY PEAVY BAILEY
COWAN HECKAMAN PLLC

By:  /s/ Robert W. Cowan
    Robert W. Cowan
    Attorney-in-Charge
    Federal Bar No. 33509
    Texas Bar No. 24031976
    Justin Jenson
    Texas Bar No. 24071095
    Katie McGregor
    Texas Bar No. 24098079
    440 Louisiana Street, Suite 2100
    Houston, Texas 77002
    Telephone:  (713) 425-7100
    Facsimile:  (713) 425-7101
    rcowan@bpblaw.com
    jjenson@bpblaw.com
    kmcgregor@bpblaw.com