UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
SEP 2 8 2017
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| MICHELE TOWNSEND, on behalf of § <br> Herself and others similarly situated § <br> Plaintiff, § <br> § <br> v. § <br> § <br> CENTRAL PONY EXPRESS INC., § <br> Defendant. § | Cause No. SA-17-CV-552-OLG |

## ORDER

Before the Court is Defendant's Motion to Dismiss (docket no. 6), and Plaintiff's response. Docket no. 10. For the reasons set forth below, the Court finds Defendant's motion lacks merit and should be DENIED.

**I. Background**

Plaintiff instituted this action on June 20, 2017 against her former employer Central Pony Express ("CPE") alleging violations of the Fair Labor Standards Act ("FLSA") for failure to properly compensate overtime hours worked by Plaintiff and others similarly situated. Plaintiff seeks to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees and costs owed to her individually and on behalf of other similarly situated individuals. Plaintiff claims she was a dispatcher at CPE while Defendant argues Plaintiff had a supervisory role. On June 17, 2017 Defendant filed this Motion to Abate and Compel Arbitration and Motion to Dismiss (docket no. 6). Defendant argues Plaintiff is subject to an arbitration clause contained in the employee handbook. In the alternative, Defendant argues Plaintiff has failed to properly establish a claim for relief. The issues before the Court are the following: (1) Whether the

1

arbitration clause is valid and can be enforced, and (2) Whether Plaintiff has properly established a claim for relief.

### II. Legal Standard

#### a. Arbitration

"[T]he Federal Arbitration Act, 9 U.S.C. § 3, establishes a 'liberal policy favoring arbitration' and a 'strong federal policy in favor of enforcing arbitration agreements." '*Harmon v. Hartman Mgmt., L.P.*, No. CIV.A. H-04-1597, 2004 WL 1936211, at *1 (S.D. Tex. Aug. 24, 2004) (citing *Personal Security & Safety Sys. v. Motorola Inc.,* 297 F.3d 388, 392 (5th Cir.2002)). That a claim is brought under the FLSA does not protect it from arbitration. *Id.; Carter v. Countrywide Credit Indus.,* 362 F.3d 294 (5th Cir.2004).

Further, pursuant to the Federal Arbitration Act, 9 U.S.C.A. § 2, "[a] written provision in any ... contract ... to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.A. § 2 (West 2008). Arbitration is necessarily a matter of contract, and courts may require a party to submit to arbitration only if the party has expressly agreed to do so. *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944, 115 S. Ct. 1920, 131 L.Ed.2d 985 (1995); *see also Volt Info. Scis. v. Bd. of Trs.,* 489 U.S. 468, 479, 109 S. Ct. 1248, 103 L.Ed.2d 488 (1989) ( "Arbitration ... is a matter of consent, not coercion."). To determine whether a party can be compelled to arbitrate, the Court conducts a two-step inquiry. *JP Morgan Chase & Co. v. Conegie,* 492 F.3d 596, 598 (5th Cir.2007). First, the Court determines whether the parties agreed to arbitrate the dispute at issue. *Id.* There are two components to this step: (1) "whether there is a valid agreement to arbitrate between the parties,"

2

and (2) "whether the dispute falls within the scope of the arbitration agreement." *Id.* State law governs whether the parties agreed to arbitrate a dispute. *First Options of Chicago, Inc.*, 514 U.S. at 944, 115 S. Ct. 1920.

If the first element is met and the Court finds that the parties agreed to arbitrate the dispute at issue, then the Court will address " 'whether any federal statute or policy renders the claim nonarbitrable.' " *JP Morgan Chase,* at 598 (quoting *Wash. Mut. Fin. Group, LLC v. Bailey,* 364 F.3d 260, 264 (5th Cir.2004).

    b. <u>Motion to Dismiss</u>

Under Federal Rule of Civil Procedure 8(a) a complaint is considered well pled if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief[,]". F.R.C.P. 8(a) is considered in conjunction with Rule 12(b)(6) which provides that a complaint may be dismissed if it "fails to state a claim upon which relief can be granted[.]" Courts apply these rules through the two-part process outlined by the Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of all facts alleged in the complaint, it fails to state a "claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In order to state a plausible claim to relief, the complaint must include "allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory[.]" *Twombly,* 550 U.S. at 562. Those allegations may be "either direct or inferential[.]" *Id.* In applying Rule 12(b)(6) the Court must distinguish between pleadings of fact, which are presumed as true, and statements of legal conclusion, which are not entitled to the presumption of truth. *Iqbal,* 556 U.S.

3

at 664. This distinction arises from "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief,' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265). Throughout the Rule 12(b)(6) analysis, "[t]he complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff." *Morgan v. Swanson*, 659 F.3d 359, 370 n.17 (5th Cir. 2011) (en banc) (quoting *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005)).

### III. Analysis

#### a. Arbitration

Defendant claims upon beginning her employment, Plaintiff obtained an employee handbook ("the Handbook"). Defendant also claims Plaintiff executed an acknowledgement of receipt for the Handbook. Docket no. 6 p. 3. Defendant claims this handbook is relevant because it contains an arbitration provision which requires all employment disputes be resolved in arbitration. *Id.* Defendant directs the Court to the portions of the Arbitration Provision relevant to this issue:

> **Section 1.5 Arbitration Provision**
>
> In consideration of your employment with Central Pony Express, its promise to arbitrate all employment-related disputes, and your receipt of the compensation, pay raises, and other benefits paid to you by the company, at present and in the future, you agree that any and all controversies, claims or disputes with anyone (including the company . . .), whether brought on an individual, group, or class basis, arising out of, relating to, or resulting from your employment with Central Pony Express or the termination of your employment with the company, including any breach of this agreement, shall be subject to binding arbitration under the

terms and conditions set forth in the at-will employment, confidential information, invention assignment, and arbitration agreement between you and Central Pony Express.

Citing to this provision, Defendant seeks to invoke its right to stay the proceedings in this Court and proceed in arbitration. However, there are other portions of the Employee Handbook that are directly relevant to Defendant's request to enforce the arbitration provisions. Specifically, the Employee Handbook contains modifications and changes in policy clauses which state as follows:

### Section 1.2 Employee Handbook

The Company reserves the right to modify, rescind, delete, or add to the provisions of this Handbook from time to time in its sole and absolute discretion. This Employee Handbook is not a binding contract between the Company and its employees, nor is it intended to alter the at-will employment relationship between the Company and its employees. The Company reserves the right to interpret the policies in this Handbook and to deviate from them when, in its discretion, it determines it is appropriate.

### Section 1.3 Changes in Policy

Since our business is constantly changing, the Company expressly reserves the right to revise, modify, delete, or add to any and all policies, procedures, work rules, or benefits stated in this handbook or in any other document, except for the policy of at-will employment as described below. No oral statements or representation can in any way alter the provisions of this Handbook. Nothing in this employee handbook or in any other document, including benefit plan descriptions, creates or is intended to create a promise or representation of continued for any employee. Any changes to your at-will employment status, described below, must be in writing and must be signed by the Company. If you are uncertain about any policy or procedure, please check with your manager or Human Resources.

These provisions are relevant because they allow for modification of the entire Employee Handbook, including the arbitration provision. Therefore, because the arbitration provision is in the handbook that contains the language allowing the employer to unilaterally revise the handbook, the agreement to arbitrate is illusory and unenforceable. "In other words, because

5

the arbitration agreement is not a "stand-alone contract," the provision allowing the employer's unilateral modification of the handbook includes allowing unilateral modification of the arbitration agreement." ' *Scudiero v. Radio One of Texas II, L.L.C.*, 547 F. App'x 429, 431 (5th Cir. 2013). The Fifth Circuit has recognized in multiple occasions that Arbitration Agreements which can be modified at the behest of one party only, that can be changed retroactively, or where one party reserved the right to unilaterally supersede, modify or eliminate existing policies the Arbitration Agreement have been found to be illusory. *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 206–07 (5th Cir. 2012) *Scudiero v. Radio One of Texas II, L.L.C.*, 547 F. App'x 429, 432 (5th Cir. 2013). Because the Arbitration Agreement is illusory and unenforceable, the Court DENIES Defendant's Motion to Compel Arbitration.

### b. Motion to Dismiss

Defendant also argues Plaintiff has failed to state a claim upon which relief can be granted and therefore seeks dismissal under Rule 12 (b)(6). Defendant first claims Plaintiff is exempt from FLSA coverage because her employment included managerial responsibilities. Docket no. 6 p. 2. However, at the motion to dismiss stage the Court must construe the complaint liberally and draw all inferences in favor of the Plaintiff. *Morgan v. Swanson*, 659 F.3d 359, 370 n.17 (5th Cir. 2011) (en banc) (quoting *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005)). In her complaint, Plaintiff has pled she worked as a dispatcher and was denied overtime compensation she is due under FLSA. Plaintiff alleges she was paid a flat rate salary and was required to work 65 hours or more per week. Docket no. 1 p. 3. The parties have conflicting interpretations regarding the nature of Plaintiff's employment. However, at this stage in litigation it is improper for the Court to make a determination of whether Plaintiff was an employee with managerial duties.

To state prima facie case for relief under 29 U.S.C. § 207 (a)(1), a Plaintiff's pleadings must state she was or is (1) employed by the defendant ; (2) engaged in commerce or in the production of good for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce; (3) worked a workweek in excess of forty hours; and (4) received compensation less than one and one-half times the regular rate at which he or she is employed. 29 U.S.C. § 207 (a)(1); *Aston v. Global Prisoner Servs. L.L.C.*, No. 16-CV-420-DAE, 2016 WL 4079547, at *3 (W.D. Tex. July 29, 2016). Plaintiff's complaint states she was employed by Defendant, as a dispatcher, that she worked over 65 hours per week, and that she did not receive appropriate compensation. Therefore, the Court finds, drawing inferences in light most favorable to the Plaintiff, she has properly established a claim for relief. Therefore, Defendant's motion to dismiss is DENIED.

I. **Conclusion**

It is therefore ORDERED that Defendants' Motion to Dismiss (docket no. 6) is DENIED.

SIGNED this 26 day of September, 2017.

ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE