FILED
JAN 2 6 2018
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHELE TOWNSEND, on behalf of herself and others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>CENTRAL PONY EXPRESS, INC.,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§ No. SA-17-cv-00552-OLG<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER

On this date, the Court considered Plaintiff's Opposed Motion for Conditional Class Certification pursuant to 29 U.S.C. § 216(b) (docket no. 14) (the "Motion"). After considering the arguments raised in Plaintiff's briefing (docket nos. 14 & 20), Defendant's response (docket no. 16), and the applicable case law, the Court GRANTS Plaintiff's motion.

## BACKGROUND

In this Fair Labor Standards Act ("FLSA") case, Plaintiff Michele Townsend ("Plaintiff") seeks to recover unpaid overtime wages on behalf of herself and other former and current dispatchers employed by Central Pony Express, Inc. ("Defendant" or "CPE"). Specifically, Plaintiff's Collective Action Complaint (the "Complaint") alleges that "CPE did not pay its Dispatchers one and one-half times their regular rate for all hours in excess of 40 each week. Instead, CPE paid its non-exempt Dispatchers a flat-rate or weekly salary, even though they were required to work approximately 65 hours or more per week." Docket no. 1 ¶ 9.

Plaintiff has moved for conditional certification of a class of "[a]ll current and former salaried Dispatchers who were employed by Defendant at any time from June 20, 2014 to the

1

present." Docket no. 14 p. 9. Defendant opposes Plaintiff's Motion, arguing that Plaintiff has failed to demonstrate that conditional certification is appropriate in this case. *See* docket no. 16.

## DISCUSSION

Under the FLSA, 29 U.S.C. §§ 201-219, the Court may permit an action to proceed as a collective action on behalf of others similarly situated. *See* 29 U.S.C. § 216(b). However, unlike a class action filed under Rule 23, a collective action under § 216(b) requires an "opt-in," rather than "opt-out," class. *Compare* Fed. R. Civ. P. 23(c)(2) ("The court will exclude from the class any member who requests exclusion"), *with* 29 U.S.C. § 216(b) [FLSA] ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

### I. Conditional Certification

In determining whether it is appropriate to certify a class of plaintiffs for a collective action under the FLSA, the Court applies the two-step approach exemplified by the *Lusardi v. Xerox Corporation* litigation.[1] *See, e.g., Lemmers v. Gary Pools, Inc.*, No. SA-15-CA-00828-OLG, 2016 WL 7508075, at *1 (W.D. Tex. May 24, 2016); *Botello v. COI Telecom, L.L.C.*, No. SA-10-CV-305-XR, 2010 WL 5464824, at *6 (W.D. Tex. Dec. 30, 2010) (citing *Bernal v. Vankar Enterps., Inc.*, No. SA-07-CA-695-XR, 2008 WL 791963, at *3 (W.D. Tex. Mar. 24, 2008)). In the first stage of the *Lusardi* analysis, called the "notice stage," the Court must initially determine whether a class should be conditionally certified and notice of the action should be sent to potential class members. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14

---

[1] *See* 99 F.R.D. 89 (D.N.J. 1983) (conditional certification); 118 F.R.D. 351 (D.N.J. 1987) (decertification). The *Lusardi* litigation continued in various other forms for several years. *See, e.g., Lusardi v. Lechner*, 855 F.2d 1062 (3d Cir. 1988); *Lusardi v. Xerox Corp.*, 122 F.R.D. 463 (D.N.J. 1988).

(5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa,* 539 U.S. 90 (2003). This determination is based solely on the pleadings and affidavits. *See id.* at 1213-14.[2]

The standard applied in determining whether to issue notice is "fairly lenient" and "typically results in conditional certification of a representative class." *Mooney,* 54 F.3d at 1214 (internal quotations omitted); *White v. Baptist Memorial Health Care Corp.,* 699 F.3d 869, 877 (6th Cir. 2012). The decision to create an opt-in class under § 216(b), like the decision to certify a class under Rule 23, remains soundly within the discretion of the district court. *Hipp v. Nat. Life Ins. Co.,* 252 F.3d 1208, 1219 (11th Cir. 2001).

There is some disagreement among courts regarding the plaintiff's burden when seeking conditional certification. Defendant notes that some courts have required the plaintiff to show that (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit. *See, e.g., Salais v. Houston Distrib. Co., Inc.,* No. 4:16-CV-2715, 2017 WL 2909002, at *2 (S.D. Tex. July 6, 2017); *Pacheco v. Aldeeb,* No. 5-14-CV-121-DAE, 2015 WL 1509570, at *8 (W.D. Tex. Mar. 31, 2015); *Cantu v. Vitol, Inc.,* No. H-09-0576, 2009 WL 5195918, at *4 (S.D. Tex. Dec. 21, 2009). Plaintiff responds by pointing out that other courts have routinely rejected the third, non-statutory element of that test.[3] *See, e.g., Contreras v. Land Restoration LLC,* No. 1:16-CV-883-RP, 2017 WL 663560, at *6-7 (W.D. Tex. Feb. 17, 2017); *Jones v. Cretic Energy Servs.,*

---

[2] If conditional certification is granted, the case proceeds as a representative action. *Mooney,* 54 F.3d at 1214. However, the defendant may file a motion for decertification. *Id.* At this second stage of the *Lusardi* analysis, the Court can fully evaluate the merits of class certification and can choose to decertify the class. *Id.* The Court's analysis of the present Motion need only address the first stage of the inquiry.

[3] Other district courts have recognized the split in authority but have found it unnecessary to weigh in on the appropriate standard. *See, e.g., Kibodeaux v. Wood Group Production,* No. 4:16-CV-3277, 2017 WL 1956738, at *2 n.2 (S.D. Tex. May 11, 2017).

LLC, 149 F. Supp. 3d 761, 768 (S.D. Tex. 2015); *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 915-16 (S.D. Tex. 2010). This Court is not aware of Fifth Circuit guidance regarding whether the appropriate standard includes the third element nor have the parties cited such authority.

After reviewing the applicable law, the court finds that a plaintiff does not necessarily need to present evidence at this stage of specific individuals who actually wish to opt in to the lawsuit. In addition to the fact that the third element has no foundation in the language of the statute, the Court has found no indication that the Fifth Circuit (or any other circuit) has adopted such a requirement. *See generally Villarreal*, 751 F. Supp. 2d at 916 (noting lack of circuit court support for such a requirement). Instead, the Fifth Circuit's discussion of the *Lusardi* approach only requires, at the first stage, that "putative class members' claims [be] sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010) (citing *Mooney*, 54 F.3d at 1213-14); *Villarreal*, 751 F. Supp. 2d at 916. Moreover, this Court's conclusion with respect to the third element is consistent with the Supreme Court's directive that the FLSA be "liberally constru[ed] to effect its purposes." *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290 (1985); *see also Contreras*, 2017 WL 663560, at *6. Indeed, "[r]equiring Plaintiffs to identify and obtain preliminary support from potential class members" at this stage is akin to "putting the cart before the horse." *Contreras*, 2017 WL 663560, at *7 (internal quotations omitted). Finally, in the event the notice period reveals that prospective class members do not wish to join the lawsuit, the *Lusardi* framework protects defendants by permitting decertification.

Having concluded that Plaintiff need not identify specific individuals at the notice stage who wish to join Plaintiff's collective action,[4] the Court will analyze the first two elements of the applicable standard to determine whether Plaintiff has satisfied the requirements for conditional class certification.

### A. Existence of Other Aggrieved Individuals

To satisfy the first element of the analysis, Plaintiff must only show that "it is reasonable to believe that there are other aggrieved employees who were subject to an allegedly unlawful policy or plan." *Villarreal*, 751 F. Supp. 2d at 916-17. Defendant argues that "Plaintiff has not made 'substantial allegations' that a class of Dispatchers actually exists." Docket no. 16 ¶ 8.[5]

Upon reviewing Plaintiff's filings, the court finds that there is a reasonable basis for crediting Plaintiff's assertion that other aggrieved individuals exist. "Interaction[s] with fellow employees can be sufficient to establish personal knowledge" at this stage of the litigation. *McCloud v. McClinton Energy Group, L.L.C.*, No. 7:14-CV-120, 2015 WL 737024, at *4 n.5 (W.D. Tex. Feb. 20, 2015); see also *Esparza v. C&J Energy Servs., Inc.*, No. 5:15-cv-850-DAE,

---

[4] Notwithstanding the Court's conclusion, the Court understands that in some cases § 216(b) notice could be misused to "stir-up" litigation. *See, e.g., Valcho v. Dallas Cty. Hosp Dist.*, 574 F. Supp. 2d 618, 622 (N.D. Tex. 2008); *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995). But granting conditional certification and authorizing notice in this case will not create the massive effort or expenses to which Defendant's brief alludes. *See* docket no. 16 ¶¶ 6-7. Defendant's briefing asserts that only six individuals may qualify for Plaintiff's proposed conditional class (*id.* at ¶ 19), and Defendant appears to already possess each individual's contact information (*id.*). Thus, if the Court authorizes notification, Defendant will not be "unduly burdened by a frivolous fishing expedition." *D'Anna*, 903 F. Supp. at 894.

[5] To the extent Defendant is also arguing that there are too few potential plaintiffs to permit conditional certification (*see* docket no. 16 ¶ 23), there is no numerosity requirement for conditional class certification under § 216(b). *See Cantu*, 2009 WL 5195918, at *5; *Roberson v. Danny Ontiveros Trucking*, No. 08-0552, 2008 WL 4809960, at *4-5 (E.D. Cal. Nov. 3, 2008). Accordingly, courts have conditionally certified classes with a dozen or fewer potential class members. *See Cantu*, 2009 WL 5195918, at *5 (conditionally certifying class of, at most, 10 members); *Roberson*, 2008 WL 4809960, at *4-5 (sustaining collective action cause of action for class that potentially involved 12 plaintiffs, finding that "[t]he FLSA ... does not impose a numerosity requirement").

2016 WL 1737147, at *4 (W.D. Tex. May 2, 2017); *Villarreal*, 751 F. Supp. 2d at 912. Plaintiff's affidavit states that she had "numerous conversations with other Dispatchers." Docket no. 14-2 ¶ 4. Based on those conversations, Plaintiff allegedly has personal knowledge that other dispatchers also worked "approximately 65 hours or more per workweek" and were paid a "flat-rate or weekly salary" for all hours worked, resulting in unpaid overtime compensation. *Id.* The Court finds that such allegations, based on personal communications with co-workers, are sufficient to demonstrate that aggrieved individuals exist for the purposes of the notice stage.

### B. Similarly Situated

The allegations in Plaintiff's affidavit are also sufficient at this stage to demonstrate that other aggrieved individuals are similarly situated to Plaintiff. For the purposes of the second element, Plaintiff must generally show that the other individuals are "similarly situated in terms of job requirements and similarly situated in terms of payment." *See Contreras*, 2017 WL 663560, at *6 (quoting *Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2007 WL 4146714, at *5 (S.D. Tex. Nov. 19, 2007)). Plaintiff's affidavit states that (i) there were other salaried dispatchers at CPE (docket no. 14-2 ¶ 3), (ii) those dispatchers' duties and responsibilities were similar to those of the Plaintiff (*id.*), and (iii) those other dispatchers worked similar hours under similar payment terms (*id.* at ¶ 4). According to her affidavit, Plaintiff's statements are based on personal knowledge that she gained while working in the same room as the other dispatchers at CPE's premises. *Id.* Accordingly, the Court finds that Plaintiff's affidavit provides a reasonable basis for concluding that the other alleged aggrieved individuals are similarly situated to Plaintiff.

## C. Conclusion

The decision to conditionally certify a class at the notice stage is lenient. *Mooney*, 54 F.3d at 1214; *White*, 699 F.3d at 877. As discussed above, the Court finds that Plaintiff has met the lenient standard for demonstrating the existence of other aggrieved, similarly-situated employees. For that reason, Plaintiff's allegations are sufficient to support an initial, conditional certification of the case as a collective action.

## II. Notice to Prospective Class

Plaintiff's Motion requests that notice be sent to "[a]ll current and former salaried Dispatchers who were employed by Defendant at any time from June 20, 2014 to the present." Docket no. 14 at p. 9. Defendant did not raise any objections to Plaintiff's language in its response. As Defendant has not contested the scope of Plaintiff's proposed class at the notice stage (and has allegedly identified the individuals covered), the Court will accept the language Plaintiff has proposed for the purposes of determining the individuals to whom notice will be issued.[6]

Following certification of a conditional class, courts may order the defendant to provide the identity and contact information of potential members for the purposes of timely notice. *See, e.g., Velazquez v. FPS, LP, C.A.*, No. 4:13-cv-1563, 2014 WL 3843639, at *9 (S.D. Tex. Aug. 4, 2014); *Tolentino*, 716 F. Supp. 2d at 655-56. Defendant's opposition indicates that at least six additional individuals meet the definition of Plaintiff's proposed class and provides Plaintiff their names. *See* docket no. 16 ¶ 19. Defendant's response also states that it is not necessary to compel

---

[6] The Court's acceptance of Plaintiff's language is done without prejudice to Defendant or Plaintiff later arguing that any proposed class member's claims are time-barred and/or subject to tolling.

Defendant to provide Plaintiff the proposed class member's contact information as "Defendant will willingly provide the information Plaintiff requests." *Id.* at ¶ 3.

The Court recognizes that Defendant has already provided some relevant information to Plaintiff, including certain class members' names. If Defendant identifies any other individuals who qualify for Plaintiff's conditional class as proposed, Defendant shall notify Plaintiff's counsel within fourteen (14) days of the entry of this Order. By that date, Defendant (if it has not already done so) shall also provide Plaintiff's counsel with all prospective class members' mailing addresses, email addresses, and phone numbers.

Finally, Plaintiff attaches a copy of a proposed notice and consent form as Exhibit C to its Motion. *See* docket no. 14-3 at 2 (the "Notice") & 3 (the "Consent Form"). In its response to Plaintiff's Motion, Defendant did not raise any objections to the proposed Notice and Consent Form. After an independent review, the Court approves of the proposed Notice and Consent Form submitted as Exhibit C.

## CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's Opposed Motion for Conditional Class Certification (docket no. 14) is GRANTED.

It is further ORDERED that to the extent such information has not already been provided, Defendant shall within **fourteen (14) days** of the date of this Order provide Plaintiff's counsel with the names, mailing addresses, email addresses, and phone numbers of "all current and former salaried Dispatchers who were employed by Defendant at any time from June 20, 2014 to the present."

It is further ORDERED that within **thirty (30) days** following the date of this Order, Plaintiff's counsel shall mail and/or email a copy of the Notice and Consent Form (attached as

Exhibit C) to the prospective class members, and provide each member a date-specific deadline for opting-in, with such deadline being **sixty (60) days** from the date the Notice and Consent Form are first transmitted to the members. Plaintiff's counsel may transmit via mail and/or email a second copy of the Notice and Consent Form to each prospective class member, reminding the member of the deadline.

It is further ORDERED that at least **thirty (30) days** following the date the Notice and Consent Form are first transmitted to the members, Plaintiff's counsel may—on *one* occasion—contact by telephone any prospective class members who have not already returned their Consent Forms, but may *only* do so to inquire (i) whether the member received the mailed and/or emailed package, and, if not, (ii) the member's preferred method for receiving the Notice and Consent Form *if he or she wishes to receive such documents.*

It is further ORDERED that Plaintiff's counsel shall date stamp any signed, returned Consent Forms on the day they are received and retain any evidence showing the date each Consent Form was postmarked or otherwise transmitted by the class member. All Consent Forms postmarked or transmitted on or before the last day of the opt-in period will be considered timely. Within **seven (7) days** of the close of the opt-in period, Plaintiff's counsel shall file all signed, returned Consent Forms with the Court, noting the received date for each individual.

It is so ORDERED.

SIGNED this 16 day of January, 2018.

_____
Orlando L. Garcia
Chief United States District Judge